UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DANIEL CROSBY,

      Plaintiff,

  v.                                                  Case No. 13-CV-1141

PRISONER TRANSPORT EXTRADITION AGENCY
and SGT. DOSS,

      Defendants.

## SCREENING ORDER

Plaintiff, who is confined at the Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $17.59.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is suing Prisoner Transport Extradition Agency ("Prisoner Transport") and Sergeant Doss, who is employed by Prisoner Transport. According to the complaint, on June 23, 2013, plaintiff was transported from the Ramsey County Sheriff's Department in St. Paul, Minnesota, to the Kenosha County Jail in Kenosha, Wisconsin. Shortly after boarding the bus plaintiff complained several times that he was seated directly under an air conditioner that was leaking water onto his clothes. Plaintiff asked to be moved and the third time he asked, he and Sergeant Doss exchanged words. Sergeant Doss then made plaintiff exit the bus and he punched plaintiff in his chest, abdomen, and head while handcuffed. He then pushed plaintiff to the ground and sprayed him with pepper spray. Another officer threw plaintiff back on the bus and in the process his right shoulder dislocated.

Plaintiff claims that defendants' actions violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1,

Sections 1, 8, and 9 of the Wisconsin Constitution. He seeks compensatory and punitive damages.

Plaintiff may proceed on an excessive force claim against Sergeant Doss. It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner on June 23, 2013, and that status will determine whether he will proceed under the Fourteenth Amendment (pretrial detainee) or the Eighth Amendment (prisoner) of the United States Constitution. Plaintiff does not state a claim under Article 1, Section 1, 8, and 9 of the Wisconsin Constitution. He also does not state a claim against defendant Prisoner Transport because he alleges no wrongdoing on the part of the company, no failure to train its employees, and no policy of the company that violated his constitutional rights. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 830 (7th Cir. 2009). Prisoner Transport is not liable under section 1983 for the actions of its employees under a theory of respondeat superior. Id.

In sum, plaintiff may proceed on excessive force claim under the Eighth or Fourteenth Amendment against Sergeant Doss.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Prisoner Transport Extradition Agency is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for

4

making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from plaintiff's prison trust account the $332.41 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

6

Case 2:13-cv-01141-LA   Filed 12/18/13   Page 6 of 6   Document 7